IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
CIVIL DIVISION

**MICHAEL AND DARLENE BEASECKER,**

        Plaintiffs        Case No.

vs.

**METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY
a/k/a METLIFE AUTO & HOME**

        Defendant.

_____/



## COMPLAINT AND DEMAND FOR JURY TRIAL

**COME NOW** the Plaintiffs, MICHAEL and DARLENE BEASECKER ("MR. and MRS. BEASECKER"), by and through their undersigned counsel, hereby file their Complaint and Demand for Jury Trial against the Defendant, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a/k/a METLIFE AUTO & HOME ("METLIFE"), and as grounds therefore, state as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action exceeds the sum of Fifteen thousand and 00/100 ($15,000.00) dollars, exclusive of pre-judgment interest, court costs and attorney's fees.

2. At all times relevant hereto, the Plaintiffs, MR. and MRS. BEASECKER, were and are residents of Hernando County, residing at 1307 Masada Lane, Spring Hill, Florida.

3. Upon information and belief, at all times relevant hereto, METLIFE

is and was a Foreign for Profit Corporation doing business in the State of Florida.

4. Upon information and belief, METLIFE is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens.

5. METLIFE, while engaging in the business of insurance in the State of Florida, is required to follow and/or comply with all Florida Insurance Code Statutes and regulations promulgated by the legislature and the Florida Department of Financial Services.

6. In consideration of the premium paid to it by MR. and MRS. BEASECKER, METLIFE issued to MR. and MRS. BEASECKER in Spring Hill, Hernando County, Florida, a V.I. P. Ultra Homeowners Policy No. 8994206572 ("The Policy"), which was in full force and effect at the time the damage occurred as a result of sinkhole activity to their insured property located at 1307 Masada Lane, Spring Hill, Hernando County, Florida on or about January 24, 2008. A purported certified copy of The Policy is attached hereto as Exhibit "A."

7. Sinkhole and/or sinkhole activity is a covered peril under The Policy.

8. Sinkhole and/or sinkhole activity damages, and ensuing damages as a direct result thereof, are covered damages under The Policy.

9. MR. and MRS. BEASECKER timely submitted their insurance claims to METLIFE.

10. MR. and MRS. BEASECKER have provided METLIFE with all requested documents and/or information needed for METLIFE to tender

insurance benefits.

11.   MR. and MRS. BEASECKER have provided METLIFE with access to the insured property so that it may have inspected all claimed damages.

12.   An insurance contract is a contract of adhesion and should be construed in a light most favorable to the insured.

13.   The concept of insurance is that insurance is the insurer's granting of timely and prompt indemnity or security against a contingent loss.

14.   Inherent in any insurance contract is the fact that payment must be made timely and promptly so that the insured may mitigate its damages and to put it back into the position it was in prior to loss as quickly as possible.

15.   Florida Statute §626.877 entitled, "Adjustments to comply with insurance contract and law," states that "[e]very adjuster shall adjust or investigate every claim, damage, or loss made or occurring under an insurance contract, in accordance with the terms and conditions of the contract and of the applicable laws of this state."

16.   Florida Statute §627.4135 entitled "Casualty insurance contracts subject to general provisions for insurance contracts," states that "[a]ll contracts of casualty insurance covering subjects resident, located, or to be performed in this state shall be subject to the applicable provisions of this part and to the other applicable provisions of this code."

17.   On September 19, 2008, METLIFE wrongfully denied MR. and MRS. BEASECKER'S insurance claim. (See attached Exhibit "B").

## COUNT I
## DECLARATORY JUDGMENT

18.  MR. and MRS. BEASECKER reallege Paragraph No.'s 1-17 as if fully set forth herein.

19.  This is an action for Declaratory Judgment filed pursuant to Chapter 86 of the Florida Statutes.

20.  This action for Declaratory Judgment has been filed for the purpose of determining an actual controversy between MR. and MRS. BEASECKER and METLIFE.

21.  In response to MR. and MRS. BEASECKER'S notification of its claim, METLIFE retained the service of a geo-technical engineer, HSA Engineers and Scientists ("HSA"), to conduct a subsurface investigation.

22.  On August 19, 2008, after completing subsurface investigation, HSA issued its "Subsidence Investigation Report" opining that:

> Based on the pattern of distress, GPR data, test pits and our experience with similar conditions, it is our opinion that the distress noted in the home and pool area are primarily related to the following:
> - Mechanisms that typically cause such cracking and nail pops in lightly reinforced masonry block unit and wood frame construction of similar age, such as thermal expansion/contraction movements, minor differential settlement, etc.;
> - Long-term creep compression of loose or poorly compacted surficial sands;
> - Concrete shrinkage cracks;
> - Shallowly embedded foundations;
> - Moisture intrusion.
>
> Based on our studies, it is our opinion that sinkhole activity is not a cause of the damage to the residence within a reasonable professional probability."

(See attached Exhibit "C," page 2).

23. On September 19, 2008, METLIFE wrongfully denied MR. and MRS. BEASECKER'S claim for damages as the result of sinkhole activity based upon the HSA report. (See attached Exhibit "B").

24. In accordance with Florida law, METLIFE'S claim investigation into the possible existence of sinkhole activity must comply with certain minimum statutory requirements. As stated by the statute, these are minimum requirements, and neither METLIFE nor its expert(s) should limit the scope of their investigation to merely legal requirements. Specifically, Florida Statute §627.707 requires that METLIFE and its expert(s)/representative(s):

A. Conduct an investigation and analysis of sufficient scope to eliminate sinkhole activity as a cause of damage within a reasonable professional probability before METLIFE concludes there is no sinkhole activity;

B. Prepare a written report which outlines the cause of the claimed damage, and if there is no sinkhole activity, to state that fact;

C. Ensure that its expert(s)/representative(s) who prepare the report are qualified to determine the existence of sinkhole activity; and

D. State the licensure or registration discipline of the expert(s)/representative(s) involved in the investigation.

25. Upon information and belief, MR. and MRS. BEASECKER contend that METLIFE has failed to comply with the minimum requirements of Florida Statute §627.707. Moreover, MR. and MRS. BEASECKER contend that the August 2008, HSA report is not only insufficient in scope and nature, but also

fails to comply with the minimum standards for investigation of sinkhole claims pursuant to Florida Statute §627.707.

26. MR. and MRS. BESEACKER retained the services of N.S. Nettles & Associates, Inc. to conduct a sub-surface investigation of the insured property. Pursuant to the investigation, on June 30, 2009, N.S. Nettles & Associates issued a report confirming clear evidence of sinkhole activity. (See attached Exhibit "D").

27. MR. and MRS. BEASECKER have suffered a substantial loss regarding their insured property and continue to suffer the loss.

28. As a result of the facts set forth above, a dispute has arisen which has left the Parties hereto insecure and uncertain with respect to their rights and status of other equitable or legal responsibilities, including but not limited to, as to whether METLIFE has failed to comply with the minimum requirements of Florida Statute §627.707; whether HSA'S August 2008, report was of a sufficient scope and nature to eliminate sinkhole activity as a cause of damage within a reasonable professional probability before METLIFE may legally deny MR. and MRS. BEASECKER'S sinkhole claim.

29. There exists a bonafide, actual, present, and practicable need for the declaration of coverage since METLIFE has failed and/or refused to provide insurance proceeds to MR. and MRS. BEASECKER as the result of an incomplete and/or inadequate subsurface soil investigation as mandated by the minimum requirements for investigation of sinkholes pursuant to Florida Statute §627.707.

30. There exists a present, ascertained, and ascertainable state of facts concerning the rights and obligations of both MR. and MRS. BEASECKER and METLIFE.

31. The rights and obligations of both MR. and MRS. BEASECKER and METLIFE under The Policy are dependent upon the facts and law applicable to the facts effecting coverage under The Policy.

32. MR. and MRS. BEASECKER have an actual, present, adverse, and antagonistic interest in the subject matter described herein.

**WHEREFORE**, the Plaintiffs, MICHAEL and DARLENE BEASECKER, respectfully seek a Declaratory Judgment as to whether:

Refer to Paragraph 24 (A) through (D) above.

Further, Plaintiffs seek a Declaratory Judgment that the insurance contract, Policy No. 899420657-2 between Plaintiffs and Defendant is a valid and enforceable contract, that pursuant to the terms and conditions of the insurance contract, Plaintiffs hold a valid and enforceable right to property insurance coverage for damages from sinkhole activity, and costs of this action; attorneys fees and such other and further relief as this Court may deem just and proper.

Further, Plaintiffs request a trial by jury on all issues so triable.

## COUNT II
## BREACH OF CONTRACT

33. MR. and MRS. BEASECKER reallege paragraph No.'s 1-17, and 18-32, as if fully set forth herein.

34. This is an action for damages for a breach of an insurance contract

against METLIFE of an insurance policy that was in effect at the time of the loss caused by sinkhole activity.

35. On or about January 24, 2008, MR. and MRS. BEASECKER'S insured property was damaged by sinkhole activity.

36. MR. and MRS. BEASECKER suffered a substantial loss regarding its insured property and continue to suffer the loss.

37. MR. and MRS. BESEACKER retained the services of a cosmetic damage expert Triad Consulting Group to investigate and evaluate the extent and scope of the cosmetic damages caused by sinkhole activity; and the estimated amount of damages is $114,231.84. (See attached Exhibit "E").

38. MR. and MRS. BEASECKER contend that sinkhole activity is damaging their insured property and that METLIFE'S geotechnical engineer's report that it relied on in denying the claim was insufficient in its investigation and analysis to eliminate sinkhole activity as the cause of damage within a reasonable degree of professional probability.

39. MR. and MRS. BEASECKER, as a result of sinkhole activity underneath their insured property, have suffered damage to their insured property.

40. MR. and MRS. BEASECKER have repeatedly requested that METLIFE pay their damages; METLIFE has failed and/or refused, and continues to refuse to pay the full damages despite knowing it is required to do so.

41. MR. and MRS. BEASECKER have done and performed all those matters and things properly required of them under the insurance policy, or

alternatively, have been excused from performance of the acts, representations, omissions, and/or conduct of METLIFE.

42. Notwithstanding the foregoing, METLIFE has failed and refused to provide full coverage under the insurance policy for the damages to MR. and MRS. BEASECKER'S insured property, and METLIFE has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.

43. As a direct result of METLIFE'S breach of its insurance contract, MR. and MRS. BEASECKER have lost the benefits of their insured property, and continue to suffer the loss.

44. As a direct result of METLIFE'S breach of its insurance contract, MR. and MRS. BEASECKER were required to become obligated for attorney fees and costs in connection with the prosecution of this action, and Florida Statute §627.428 provides for the payment of attorney's fees in the event of such need.

**WHEREFORE**, the Plaintiffs, MICHAEL and DARLENE BEASECKER, pray this Court enter an award of compensatory damages, consequential damages, pre-judgment interest, costs of this action, and attorney fees; and such other and further relief as this Court may deem just and proper.

Further, Plaintiffs request a trial by jury on all issues so triable.

Dated: August 5, 2009.

DAVID J. PETTINATO, ESQUIRE
Florida Bar No. 062324
Merlin Law Group
777 S. Harbour Island Boulevard
Suite 950

Tampa, FL 33602
(813) 229-1000
(813) 229-3692
Attorney for Plaintiffs



# FLORIDA DEPARTMENT OF STATE
# DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List     Next on List     Return To List                    Entity Name Sear

Events               Name History                                       Submit

# Detail by Entity Name

## Foreign Profit Corporation

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

## Filing Information

| | |
|---|---|
| Document Number | 836890 |
| FEI/EIN Number | 132725441 |
| Date Filed | 08/19/1976 |
| State | RI |
| Status | ACTIVE |
| Last Event | REINSTATEMENT |
| Event Date Filed | 10/21/2004 |
| Event Effective Date | NONE |

## Principal Address

700 QUAKER LANE
WARWICK RI 02886-6669

Changed 05/21/2002

## Mailing Address

700 QUAKER LANE-AREA 3D
P O BOX 350
WARWICK RI 02887

Changed 04/08/2009

## Registered Agent Name & Address

CHIEF FINANCIAL OFFICER
P O BOX 6200 (32314-6200)
200 E. GAINES ST
TALLAHASSEE FL 32399-0000 US

Name Changed: 03/17/2003

Address Changed: 03/17/2003

## Officer/Director Detail

**Name & Address**

Title C

**EXHIBIT "B"**

WEBER, LISA M
1095 AVENUE OF THE AMERICAS
NEW YORK NY 10036

Title T

STEIGERWALT, ERIC T
1095 AVENUE OF THE AMERICAS
NEW YORK NY 10036

Title PD

MOORE, WILLIAM D
700 QUAKER LANE
WARWICK RI 02886

Title D

MULLANEY, WILLIAM J
1095 AVENUE OF THE AMERICAS
NEW YORK NY 10036

Title SRV

PAUL, LONNEMANN A
700 QUAKER LANE
WARWICK RI 02886

Title S

TRAVERS, MAURA C
700 QUAKER LANE
WARWICK RI 02886

# Annual Reports

| Report Year | Filed Date |
|---|---|
| 2007 | 04/13/2007 |
| 2008 | 04/16/2008 |
| 2009 | 04/08/2009 |

# Document Images

| Document | |
|---|---|
| 04/08/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2008 -- ANNUAL REPORT | View image in PDF format |
| 04/13/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/17/2006 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2005 -- ANNUAL REPORT | View image in PDF format |
| 10/21/2004 -- REINSTATEMENT | View image in PDF format |
| 06/25/2003 -- ANNUAL REPORT | View image in PDF format |
| 05/21/2002 -- ANNUAL REPORT | View image in PDF format |
| 05/03/2001 -- ANNUAL REPORT | View image in PDF format |
| 05/26/2000 -- ANNUAL REPORT | View image in PDF format |
| 04/28/1999 -- ANNUAL REPORT | View image in PDF format |

| | |
|---|---|
| 04/23/1998 -- ANNUAL REPORT | View image in PDF format |
| 05/01/1997 -- ANNUAL REPORT | View image in PDF format |
| 05/01/1996 -- ANNUAL REPORT | View image in PDF format |
| 05/01/1995 -- ANNUAL REPORT | View image in PDF format |

Note: This is not official record. See documents if question or conflict.

**Previous on List**   **Next on List**   **Return To List**              Entity Name Sear

**Events**             **Name History**                                    Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright and Privacy Policies
Copyright © 2007 State of Florida, Department of State.